KLEIN, Judge.
The decedent, Walter Lamb, was the sole owner of a home, which he left to his third wife, appellee Eleanor Lamb, in compliance with a pre-nuptial agreement. The personal representatives of the estate, decedent’s sons by an earlier marriage, refused to convey the home to the widow on the ground that she had breached the prenuptial agreement. The ensuing litigation was ultimately resolved in favor of the widow, and the issue which we address is who was responsible for payment of the real estate taxes on the residence during the delay resulting from the litigation. We affirm the trial court’s finding that the widow was not required to reimburse the personal representatives for the taxes.
The litigation involved two issues, whether the widow properly revoked her initial election to take elective share, and whether she breached the pre-nuptial agreement. The trial court resolved both claims against the personal representa *364 tives, and they appealed. This court affirmed on the elective share, but remanded the pre-nuptial agreement issue for further proceedings. In re Estate of Lamb, 677 So.2d 39 (Fla. 4th DCA 1996). On remand the personal representatives voluntarily dismissed their claim that the widow had breached the pre-nuptial agreement, leaving no issues in dispute, and then deeded the home to the widow.
The personal representatives had allowed the widow to live in the home while her right to the home was being litigated; however, she could not afford to pay the taxes, and the personal representatives agreed to pay the taxes, reserving the right to seek reimbursement from the widow. At the conclusion of the litigation, the personal representatives sought reimbursement for the real estate taxes paid during the several years of proceedings. The widow took the position that even though she had been allowed to live in the home while the litigation was pending, she could not financially afford to carry the home, and that if the personal representatives had not delayed in doing what they were ultimately required to do — deed the home to her — she would have immediately sold it and avoided the real estate tax liability which, over several years, was more than $30,000.
Section 733.609, Florida Statutes (1993) provides:
If the exercise of power concerning the estate is improper or in bad faith, the personal representative is liable to interested persons for damage or loss resulting from a breach of his fiduciary duty to the same extent as a trustee of an express trust. In all actions challenging the proper exercise of a personal representative’s powers, the court shall award taxable costs as in chancery actions, including attorney’s fees.
After an evidentiary hearing the trial court made a finding of fact that the actions taken by the personal representatives in regard to the home were in bad faith and constituted a breach of fiduciary duty. He concluded that a surcharge would have been appropriate, and that they were thus not entitled to reimbursement from the widow for the property taxes they paid.
Considering the merits of the claims raised by the personal representatives, and the manner in which those claims were resolved, we find no abuse of discretion in the trial court’s conclusion that the personal representative should be responsible for the taxes. Brake v. Murphy, 636 So.2d 72 (Fla. 3d DCA 1994), vacated on other grounds, 693 So.2d 663 (Fla. 3d DCA 1997)(trial court did not abuse discretion in assessing surcharge against personal representative for litigation involving estate). We have considered the other issues raised by the appellants and find them to be without merit.
Affirmed.
WARNER and TAYLOR, JJ., concur.