678 So.2d 374 (1996)
Eileen M. BRAKE and Denise Bacallao, etc., Appellants,
v.
The ESTATE OF Eileen Ellis MURPHY, etc., Appellee.
No. 95-3449.
District Court of Appeal of Florida, Third District.
June 26, 1996.
Rehearing Denied September 11, 1996.
*375 Robert M. Brake, Coral Gables, for appellants.
Richard T. Kozek, Jr., Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
This appeal stems from estate proceedings begun in 1988, which have resulted in multiple prior decisions from this court.[1] In this appeal, two beneficiaries of the estate appeal from an order directing them to pay certain sums to the estate and other residuary beneficiaries. We affirm in part, and reverse and remand in part.
The estate of Eileen Murphy was composed primarily of a parcel of real property in Coral Gables. 96% of the property belonged to the estate; each of the four residuary beneficiaries owned 1%. Two of those residuary beneficiaries, Eileen Brake and Dennis Murphy[2], purchased the property from the estate. The two paid a portion of the purchase price and executed a promissory note and mortgage to the estate for the remainder. Pursuant to the promissory note, any order for the payment of fees, costs, or partial distribution in the estate "shall require a partial payment of this Note sufficient to satisfy any such order." Payment was to be made "within ten (10) days after said Order or Orders become enforceable."
Beginning in 1991, the trial court ordered that payments be made to the estate and distributions be made to Eve Murphy and Richard Murphy. Partial payments were made on those court-ordered distributions; however, the bulk of those payments remains unpaid. Furthermore, Eileen Brake was ordered to pay certain surcharges relating to actions she had taken as personal representative of the estate. The imposition of the bulk of those surcharges was affirmed by this court. Brake v. Murphy, 636 So.2d 72 (Fla. 3d DCA 1994), mandamus denied, 666 So.2d 142 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1019, 134 L.Ed.2d 99 (1996).
The Third Successor Personal Representative was appointed in 1994, and made his Report and Recommendation to the court on April 24, 1995. The personal representative reported that the "total distribution has been due and owing as of the date of this Court's Order of November 12, 1991," and that "the Order of distribution and the surcharge were both affirmed by this court." The personal representative recommended that the sums due and owing the estate be paid within ten days of the order issued by the court on the report and recommendation. The trial court adopted the recommendations and ordered Eileen Brake and the Estate of Dennis Murphy to pay the Estate of Eileen E. Murphy the sums due on the court-ordered distributions.
We find no error in those portions of the order on appeal that order the appellants to pay the sums which the trial court found had been due and owing since November, 1991. Accordingly, we affirm the order as to the principal of those sums.
However, we reverse the trial court's imposition of an eight percent interest rate on the sums due, as there is no basis in either the note or the mortgage for that rate.[3] The *376 note provides for an accrual rate of 3.44% until paid in full; the mortgage provides that on payments that are not timely, the interest rate shall be twelve percent. Accordingly, we remand this cause to the trial court to reconsider this matter and recalculate the rate of interest due on the principal owed.
We find no merit in the remaining points raised by the appellants. As a final matter, however, we urge the parties to conclude this seemingly interminable course of litigation.
It has been well said that there must be some point in every court proceeding when the cause is finally disposed of, its thread cut, and the parties out of court.... The public welfare demands that there shall be some definite end to litigationa point sometime, somewhere, when every case is terminated. We cannot afford to return to the interminable and outrageous practice similar to that depicted in Dickens' case of Jarndyce v. Jarndyce.

Mabson v. Christ, 96 Fla. 756, 759, 119 So. 131, 132 (1928). Before this probate case assumes such Dickensian proportions, we trust that the parties will resolve their differences once and for all.
Affirmed in part; reversed in part; remanded with directions.
NOTES
[1] See Brake v. Murphy, 661 So.2d 834 (Fla. 3d DCA), mandamus denied, 666 So.2d 142 (Fla. 1995), cert. denied, ___ U.S. ___, 116 S.Ct. 1019, 134 L.Ed.2d 99 (1996); Murphy v. Estate of Murphy, 621 So.2d 443 (Fla. 3d DCA 1993); Brake v. Stettin, 599 So.2d 669 (Fla. 3d DCA 1992); Brake v. Murphy, 591 So.2d 1025 (Fla. 3d DCA 1991); In re Estate of Murphy, 573 So.2d 424 (Fla. 3d DCA 1991); Brake v. Estate of Murphy, 559 So.2d 1146 (Fla. 3d DCA 1990).
[2] Dennis Murphy since died, and the personal representative of his estate is the party in this appeal.
[3] The Report and Recommendation of the Successor Personal Representative makes no recommendation to the court regarding what interest rate should be applied, but simply provides that the court "should hold a hearing as soon as possible to determine whether statutory interest should be paid from the date of the order of the partial distribution."