COPE, J.
Robert Brake appeals two orders of the probate division of the circuit court. We affirm.
The subject of the present probate controversy is an office building at 1828-30 Ponce de Leon Boulevard that was the major asset of the estate of Eileen E. Murphy. The office building was purchased by two beneficiaries, Eileen M. Brake and Dennis L. Murphy. See Brake v. Estate of Murphy, 678 So.2d 374, 375 (Fla. 3d DCA 1996). At Dennis Murphy’s death, his undivided one-half interest in the property became part of his estate. Eileen Brake subsequently transferred her one-half interest in the property to her husband, Robert Brake.[1]
In April 1996 a petition was filed in the Estates of Dennis Murphy and Eileen E. Murphy for leave to sell the office building. *1052 It was signed by Robert Brake, Eileen Brake, and the personal representative and beneficiaries of the Dennis Murphy Estate. The petition recites that the time is propitious to sell the property but that title problems exist because of the pen-dency of probate proceedings and various pending claims relating to the property.[2] The motion stated:
5. All of the parties are subject to the jurisdiction of this Court, and this Court has the authority to order that title conveyed to any prospective purchaser be free and clear of the claims of any of said parties, and that said claims, if any are unresolved at the time of closing, be transferred to the proceeds of the sale.
6. If Petitioners list the property with a broker without a Court order guaranteeing said conveyance, and the title problems are not cleared by the time of a closing on an acceptable sale, Petitioners may find themselves obliged to pay a real estate commission without closing the sale, on the grounds that the broker has obtained a purchaser ready, willing and able to buy on terms acceptable to Petitioners, but Petitioners are unable to convey good title.
7. To prevent this from occurring it is necessary and desirable that this Court approve the listing agreement and direct that, should [there be] a purchaser ready, willing and able to buy said property on the terms and conditions of the listing, or such other terms as may be approved by Petitioners and this Court, the Court will authorize the transfer of title free and clear of the claims of the parties to these estates, with any unresolved claims to be transferred to the proceeds of the sale.
[[Image here]]

Wherefore Petitioners respectfully move this Honorable Court to authorize the transfer of title free and clear of the claims of the parties to these estates, with any unresolved claims to be transferred to the proceeds of the sale.

The trial court granted the motion. The initial listing with a realtor did not produce a sale and the listing expired.
In October 1997, the Lue Corporation entered into a contract to buy the office building. Robert Brake and the personal representative of the Dennis Murphy Estate executed the contract as sellers. The personal representative and beneficiaries petitioned the circuit court to authorize the sale. In January 1998, the probate division ordered all parties and interested persons to file a response to the petition to authorize the sale. Robert Brake filed a response stating that he is an “interested person” and co-owner of the property and said, “I approve the sale of the property....”
On May 1, 1998, the court entered an order authorizing the sale of the office building, and provided that the proceeds of sale be placed into restricted accounts pending further order of the court. One week later, Mr. Brake wrote to the buyer, the Lue Corporation, and canceled the contract for sale of the property, stating that the trial court’s order was “conditioned on modifications of the contract which are unacceptable to me.” Mr. Brake evidently objected to the part of the order which sequestered the sale proceeds. The real estate contract contained a contingency that the probate division had to approve the sale within sixty days, and since the approval had taken longer than sixty days, Mr. Brake took the position that he was allowed to cancel the contract. The buyer honored Mr. Brake’s request, obtained a return of its deposit, and withdrew from the transaction.
Edward P. Swan, personal representative of the Eileen Murphy Estate and administrator ad litem of the Dennis Murphy *1053 Estate, filed an emergency motion to hold Robert Brake in contempt and establish procedures for sale of the office building. In July 1998, the trial court found Mr. Brake to be in wilful contempt; vested Mr. Swan with sole authority to sell the office building, including Mr. Brake’s undivided one-half interest; rescinded Mr. Brake’s letter canceling the contract; and directed Mr. Swan to attempt to reinstate the Lue contract. The efforts to salvage the transaction were unsuccessful and the contract for sale was never consummated.
Robert Brake appeals the two July 1998 orders finding him in contempt and vesting Mr. Swan with authority to sell the property.[3] Mr. Brake contends that because he was not a party in the Dennis Murphy estate proceeding, the trial court did not have jurisdiction of him. We disagree. In April 1996, Mr. Brake explicitly submitted to the jurisdiction of the circuit court and acknowledged that “[t]his Court has the authority to order that title conveyed to any prospective purchaser be free and clear of the claims of any of said parties, and that said claims, if any are unresolved at the time of closing, be transferred to the proceeds of sale.” In January 1998, Mr. Brake informed the court that he is an “interested person” in the probate proceedings and that he approved of the sale of the office building to the Lue Corporation. Clearly, Mr. Brake had personally appeared and was subject to the jurisdiction of the court with respect to this transaction. The trial court’s May 1, 1998 order authorizing sale was within its powers. As the parties had requested, the court directed that the proceeds be sequestered pending resolution of the litigants’ competing claims, so that the property could be sold free and clear.
We entirely agree with the trial court that Mr. Brake’s cancellation of the Lue contract one week after the May 1, 1998 order authorizing sale was a contempt of the court. If aggrieved by the May 1 order Mr. Brake’s recourse was to seek relief from the court, not to thwart the order by scuttling the contract. The remedy fashioned by the court — conferring on Mr. Swan the authority to sell the office building, including Mr. Brake’s share — was within its power.
Mr. Brake argues that his undivided one-half interest in the property is not the res that is the subject of the Dennis Murphy probate proceeding, and from this he concludes that the court had no power to order sale of his share. We disagree with Mr. Brake’s analysis. Mr. Brake submitted his person and the transaction to the jurisdiction of the court. At the very least, since Mr. Brake is personally before the court, the court may render an appropriate decree acting directly upon Mr. Brake, and thereby, his one-half interest in the property. Cf. Le Mire v. Galloway, 130 Fla. at 107, 108, 177 So. 283, 286 (1937) (“ ‘[Wjhere a court has jurisdiction of the person of defendant it may render any appropriate decree acting directly upon the person, although the subject matter may be without the jurisdiction.’”) (citation omitted); Lallouz v. Lallouz, 695 So.2d 466, 468 (Fla. 3d DCA 1997) (same). The remedy of sale ordered here is appropriate under the circumstances. See Randall v. Randall, 158 Fla. 502, 508, 29 So.2d 238, 241-42 (Fla.1947) (“when equity has taken hold it will adjudicate the whole controversy and render a complete and effective decree adjudicating the rights and equities of the parties, unless there is some legal reason why this cannot be done.”).
Mr. Brake contends that the probate division by its orders has intruded on equitable lien litigation pending in the general jurisdiction division. Again, we disagree. The probate division has done no more than to authorize sale of the office building free and clear, with the litigants’ claims to attach to the proceeds of sale.
*1054 Finally, Mr. Brake argues that a settlement recently reached between Mr. Swan and various beneficiaries of the estates moots, or adversely affects, this appeal. To the contrary, the settlement document is quite clear that in entering into it, no settling party waives any pending claim against Mr. or Mrs. Brake.
Affirmed.

. Eileen Brake's transfer of her interest in the real property to her husband is currently the subject of a fraudulent conveyance action in the circuit court and is not an issue in this appeal.

. This court has characterized the estate proceedings as involving ''interminable litigation.” See Brake v. Murphy, 693 So.2d 663, 664 (Fla. 3d DCA 1997); Brake v. Murphy, 688 So.2d 403, 404 (Fla. 3d DCA 1997).

. The orders under review are one dated July 20, 1998, entered in both probate proceedings, and an order dated July 6, 1998, in the Dennis Murphy probate proceeding.