636 So.2d 72 (1994)
Eileen M. BRAKE, Appellant,
v.
Eve E. MURPHY, et al., Appellees.
No. 93-1514.
District Court of Appeal of Florida, Third District.
March 22, 1994.
Rehearings Denied June 7, 1994.
*73 Robert M. Brake, for appellant.
Harold M. Braxton and Richard T. Kozek, Jr., for appellees.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
Eileen Brake appeals an order surcharging her pursuant to section 733.609, Florida Statutes (1991), for negligence and breach of fiduciary duty as personal representative of the estate of Eileen E. Murphy. We affirm in part and reverse in part.
After approximately eighteen days of evidentiary hearings, the trial court found that Eileen Brake had "acted improperly and in bad faith in the actions she undertook or failed to undertake while serving as ... personal representative." The trial court found that Ms. Brake had failed to act prudently in selling an office building which was the estate's largest asset. There was sharply conflicting evidence, which the trial court heard at length. As the findings are supported by substantial competent evidence, the judgment is affirmed with one exception.
One of the surcharge components considered by the trial court was the legal expense incurred by the estate in defending a foreclosure action brought by Ms. Brake to foreclose four mortgages on the office building. The order states:
Eileen Brake breached her fiduciary duty as personal representative by filing a foreclosure action against the estate and the beneficiaries, which action on her part required substantial additional legal proceedings and attorneys' fees and ultimately resulted in three of her four mortgages being declared an indebtedness of the estate, with additional interest and with the award of attorneys' fees to her husband, Robert Brake, in the amount of $40,000.00, which created an additional expense to the estate.
The first three of the above mentioned mortgages were mortgages placed on the office building prior to the demise of Eileen E. Murphy.[1] The fourth mortgage was placed on the office building while Ms. Brake was personal representative.
As the probate proceedings grew protracted, the trial court found it necessary to appoint an administrator ad litem to take charge of the office building. At the time Ms. Brake filed the foreclosure action, she was still personal representative of the estate, but was no longer in control of the office building. In the foreclosure action the administrator ad litem served as the representative of the estate. As Florida Probate Rule 5.120(a) indicates, "When it is necessary that the estate of a decedent ... be represented in any probate ... proceeding and ... the personal representative ... is ... interested adversely to the estate ... or is enforcing the personal representative's ... own debt or claim against the estate ... the court may appoint an administrator ad litem. *74 ..." Furthermore, upon the filing of the foreclosure action, Ms. Brake was removed as personal representative.
Under the statute regulating personal representatives, "If the exercise of power concerning the estate is improper or in bad faith, the personal representative is liable to interested persons for damage or loss resulting from a breach of his fiduciary duty to the same extent as a trustee of an express trust." § 733.609, Fla. Stat. (1991). The statute by its terms applies to improper conduct while exercising one's power as personal representative. In this case the trial of the foreclosure action took place when Ms. Brake was acting in her individual capacity, not as personal representative, and the foreclosure action was defended on behalf of the estate by Herbert Stettin as administrator ad litem.
When the foreclosure action was tried,[2] the court found in Ms. Brake's favor on the first three mortgages. The court found the fourth note and mortgage[3] "voidable at the election of beneficiaries and therefore unenforceable because it was made in violation of Section 733.610, F.S."[4] Thus Ms. Brake was the prevailing party with respect to three of the four mortgages.
Appellee Eve Murphy acknowledges that Ms. Brake was acting in her individual capacity in the foreclosure action, and that the estate's interests were being defended by the administrator ad litem. Appellee argues, however, that the surcharge is nonetheless appropriate. She reasons that if Ms. Brake had proceeded diligently to sell the office building, then the foreclosure action never would have been necessary because the mortgages would have been paid off with the proceeds of sale.
It is true that the trial court found Ms. Brake guilty of neglect and breach of fiduciary duty with respect to the sale of the office building. However, the evidence was uncontroverted that Ms. Brake filed the foreclosure action only because of the fact that the statute of limitations for foreclosure was about to expire with respect to one of the mortgages. Appellees do not dispute that Ms. Brake sought a waiver of the statute of limitations from the estate and beneficiaries, so that it would not be necessary to file the foreclosure action. That waiver was refused. Three of the four mortgages were found to be valid and enforceable. Under these circumstances, we do not see how Ms. Brake can be surcharged with respect to the first three mortgages. In view of the fact that the fourth mortgage was invalidated because it was an encumbrance in favor of the personal representative obtained without required court approval, see § 733.610, Fla. Stat. (1991), we conclude that a surcharge would be within the discretion of the trial court to assess for a reasonable allocation attributable to that one mortgage.
We have carefully considered the other points on appeal and conclude that no other reversible error has been shown.
The order of surcharge is affirmed except with respect to so much of the surcharge as relates to the mortgage foreclosure action. The mortgage foreclosure aspect of the surcharge order is reversed and the cause is remanded for further proceedings consistent herewith.
Affirmed in part, reversed in part, and remanded.
HUBBART and COPE, JJ., concur.
SCHWARTZ, Chief Judge (dissenting in part).
Contrary to the majority, I do not believe that the evidence supports the surcharge imposed *75 upon Ms. Brake for her actions in the disposition of the office building which formed the bulk of the estate. While the results of the negotiations she conducted were unfavorable, there was no indication, as required to support such a claim, that she acted in "bad faith or want of due prudence and diligence" in that respect. First Trust & Sav. Bank v. Henderson, 101 Fla. 1437, 1463, 136 So. 370, 379 (1931). Since a personal representative is not an insurer of the success of her dealings with estate property, Henderson; In re Estate of Wilson, 116 So.2d 440 (Fla. 2d DCA 1959), I would reverse the judgment below in its entirety. See Henderson; In re Estate of Pearce, 507 So.2d 729 (Fla. 4th DCA 1987); In re Estate of Wilson.
NOTES
[1] Two of the mortgages were in favor of Eileen Brake. One of the mortgages was in favor of Eileen E. Murphy, but was assigned to Eileen Brake.
[2] The foreclosure action was tried before a different judge than the judge presiding in the probate proceeding.
[3] The fourth mortgage was in favor of Eileen M. Brake and Robert M. Brake.
[4] Section 733.610, Florida Statutes (1991), provides:

Any sale or encumbrance to the personal representative or his spouse, agent, or attorney, or any corporation or trust in which he has a substantial beneficial interest, or any transaction that is affected by a conflict of interest on the part of the personal representative, is voidable by any interested person except one who has consented after fair disclosure, unless:
(1) The will or a contract entered into by the decedent expressly authorized the transaction; or
(2) The transaction is approved by the court after notice to interested persons.