693 So.2d 663 (1997)
Eileen M. BRAKE, et al., Petitioners,
v.
Eve E. MURPHY, et al., Respondents.
No. 96-3026.
District Court of Appeal of Florida, Third District.
May 7, 1997.
Rehearing Denied June 4, 1997.
*664 Robert M. Brake, Coral Gables, for petitioners.
Richard T. Kozek, Jr.; Robert Ginsburg, County Attorney, and Lee Kraftchick, Assistant County Attorney, for respondents.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
NESBITT, Judge.
In this "interminable litigation"[1] between the beneficiaries of an estate, petitioners point to a number of claimed errors. We find one point determinative, that being petitioners' argument that when confronted with record evidence of ex parte communication, the trial judge should have granted petitioners' motion for disqualification. We grant the instant petition, and vacate several rulings made after that communication, including the ruling of this court in Brake v. Murphy, 636 So.2d 72 (Fla. 3d DCA 1994), where we affirmed the surcharge order at issue. See Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965) (holding court has power to reconsider and correct erroneous ruling that has become law of case).
The underlying case began upon the death of Eileen Ellis Murphy, who died testate on March 30, 1988. In June 1988, pursuant to the deceased's will and codicil, Eileen M. Brake was appointed personal representative of the estate. Respondents, Eve Murphy and Richard Murphy, are two of the four beneficiaries in the estate. The underlying estate consisted essentially of one piece of commercial property.
On October 12, 1990, Eve Murphy and Richard Murphy filed a petition to surcharge Ms. Brake under adversary proceeding, alleging acts of malfeasance by Ms. Brake. On June 21, 1993, an order surcharging Ms. Brake was entered for $142,675. The surcharge order took under advisement all of Eve and Richard Murphy's attorney's fees and provided for the determination of same at a separate hearing. The surcharge order was later amended and subsequently affirmed on appeal. See Brake v. Murphy, 636 So.2d at 72.
The Supreme Court in Rose v. State, 601 So.2d 1181, 1183 (Fla.1992) concluded that "a judge should not engage in any conversation about a pending case with only one of the parties participating in that conversation." Explaining this conclusion the court observed:
Nothing is more dangerous and destructive of the impartiality of the judiciary than a one-sided communication between a judge and a single litigant. Even the most vigilant and conscientious of judges may be subtly influenced by such contacts. No matter how pure the intent of the party who engages in such contacts, without the benefit of a reply, a judge is placed in the position of possibly receiving inaccurate information or being unduly swayed by unrebutted remarks about the other side's case. The other party should not have to bear the risk of factual oversights or inadvertent negative impressions that might easily be corrected by the chance to present counter arguments.
*665 Id.; see Rollins v. Baker, 683 So.2d 1138(Fla. 5th DCA 1996); Hanson v. Hanson, 678 So.2d 522 (Fla. 5th DCA 1996).
Generally, the critical determination in deciding the legal sufficiency of a motion to disqualify has been whether the facts alleged would prompt a reasonably prudent person to fear he would not receive a fair trial. Fischer v. Knuck, 497 So.2d 240 (Fla. 1986); Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983); Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981).
Here, attorney billing records reveal that respondents' counsel conferred with the trial judge on two separate occasions, shortly after which, the trial judge issued a surcharge order against petitioners.[2] Surprisingly, this fact was made blatantly clear from notations in the billing records submitted to petitioners when respondents sought to recover their legal fees. Those records indicated:
06/07/93 "Conference with Court re: Final Order re: Surcharge Order." .25
06/14/93 "Conference with Court re: Order for Surcharge." .25
Such ex parte communication would be especially disturbing when at issue, as in the instant case, was the highly sensitive issue of whether the estate's personal representative had knowingly and willfully breached her fiduciary duty to her fellow beneficiaries. Moreover, these notations on their face demonstrate that it was not an administrative matter for which the court was being consulted. The client was billed for attorney time. Also, a party in an administrative, secretarial, or clerical capacity, would not be conferring on two separate occasions as to the content of a surcharge order.
Respondents argue that this issue was not raised within ten days of the Brakes' receipt of the records at issue, and therefore petitioners waived this ex parte communication as a basis for disqualification. Fla. R. Jud. Admin. 2.160(e). There have been multiple previous appeals in this case including at least four petitions for writ of certiorari to review orders denying motions for disqualification of this probate judge. Petitioners response is that they filed the instant motion within days of their actual discovery of the ex parte communications. We conclude that under the circumstances, the timing of the motion did not preclude its viability. See Pistorino v. Ferguson, 386 So.2d 65, 67 (Fla. 3d DCA 1980); State v. Cannon, 166 So.2d 625 (Fla. 3d DCA 1964) cert. denied, 172 So.2d 597 (Fla.1965).
The certitude of our decision that the motion for disqualification should have been granted is reinforced by several highly questionable orders rendered after the surcharge order. First, in response to the persistent filing of what respondents termed continued meritless pleadings, respondents filed a petition to compel posting of a bond in order to file further pleadings. While the Brakes had never been cited for contempt in the course of the proceedings, Ms. Brake and her husband, Robert Brake, were, nonetheless, ordered to post a bond in the amount of $50,000, the bond to be applied and levied for fees and costs of future contempt proceedings. This ruling cannot stand. Under the instant facts the order was clearly a violation of the "access to courts" provision, see Art. I, s 21, Fla. Const.("The courts shall be open to every person for redress of any injury and justice shall be administered without sale, denial or delay."), and the due process clause of the Florida Constitution, see Art. I, s 9, Fla. Const. ("No person shall be deprived of life, liberty or property without due process of law....").
Second, as stated above, appellate counsel for Eve Murphy and Richard Murphy sought attorney's fees in the probate court. In June 1996, an agreed order was entered confirming the entitlement of counsel to appellate attorney's fees. This court denied review and the trial court set a hearing for October 11, 1996. A notice was mailed August 27, 1996. Prior to the hearing, Robert Brake admitted to having a conflict in his representation of the personal representative of the Dennis Murphy Estate as a result of his having filed suit against the estate. On September 26, 1996, Carlos Machado was substituted *666 as counsel for the Estate of Dennis Murphy.
Ten days before the scheduled hearings, Robert Brake delivered his files to Machado. On October 10, 1996, Machado faxed an emergency motion for continuance and a notice of hearing, setting the motion to be heard at the same time as the attorney's fee petitions. The motion for continuance states that counsel had not had the opportunity to copy, review and examine the relevant documents. Counsel for petitioners, counsel for respondent, counsel for the Estate of Dennis Murphy and the second successor personal representative were all present at the hearing. Thereafter, the probate judge granted the emergency motion for continuance on the condition that respondents' counsel be paid the sum of $1,000 for attorney's fees.
Under Flea Market USA, Inc. v. Cohen, 490 So.2d 210 (Fla. 3d DCA 1986) there is no abuse of discretion in conditioning an eve of trial continuance on payment of attorney's fees caused by delay. Here, however, the amount to be paid, $1000, was not determined based on any evidence of the costs incurred due to the delay. Also, in Flea Market USA it was the party seeking the delay, not counsel, who was ordered to pay the costs associated with the continuance. Thus we conclude that under the instant circumstances that part of the order granting a continuance which levied a $1000 fine cannot stand.
In sum, considering the grave nature of the one-sided discussion at issue, and considering the subsequent rulings detailed above, which, regardless of the disqualification motion, would require our intervention, we conclude the instant writ should be granted. Our decision today should remedy any real or perceived injustice experienced by petitioners and provides the relief sought. See Rollins v. Baker, 683 So.2d 1138 (Fla. 5th DCA 1996); see also Garner v. Martinez, 691 So.2d 9 (Fla. 3d DCA 1997).
Accordingly, we grant the petition for writ of prohibition. We direct the disqualification of the trial judge, and remand the case for appropriate proceedings before another judge. On authority of Strazzulla, we reconsider and reverse this court's affirmance of the order surcharging Ms. Brake. Additionally, we quash the order requiring the posting of a surety bond, as well as that portion of the order granting a continuance which assessed a fine.
Petition granted. The writ of prohibition is issued and the cause remanded.
NOTES
[1] Brake v. Murphy, 688 So.2d 403 (Fla. 3d DCA 1997).
[2] The surcharge order was signed June 21, 1993, one week after the second ex parte conference.