ON MOTION FOR REHEARING GRANTED
PER CURIAM.
We withdraw our previously issued-opinion and substitute the following in its place.
The Petitioner Joseph H. Murphy, Jr., petitions this Court for a writ of prohibition to vacate the orders entered by Respondent, The Honorable Richard G. Payne, denying the motions to disqualify him from proceeding in the cause below after engaging in alleged ex parte communications with opposing counsel who represented Respondents NBD Trust Co. of Florida, N.A. (NBD), Sandra Fischer (Fischer) and Barbara Geiger (Geiger), as well as prohibiting Judge Payne from proceeding any further with this litigation. ■
In this probate action, Mary Edith Calhoun died in July of 1989 and her husband, Edward Calhoun, died one month later. Petitioner was appointed personal representative and attorney for the personal representative of the Calhoun estates. NBD was appointed as the successor trustee of the *1165 Calhoun estates. Disputes regarding the administration of the estate arose between Petitioner and NBD, Fischer and Geiger. Petitioner hired a tax attorney and CPA for advice on tax matters. Relying on the CPA’s advice, Petitioner made several decisions regarding the Calhoun estates, including the decision that no disclaimer of real property and stock from Mr. Calhoun’s estate to Mrs. Calhoun’s estate could be made to reduce the estate taxes on Mr. Calhoun’s estate. Petitioner Murphy paid himself personal representative and attorney’s fees for his ongoing work on the Calhoun estates at a rate of $175/hr, which Mr. Calhoun had authorized before he died.
NBD, Fischer and Geiger hired attorneys to begin adversary proceedings against Petitioner to remove Petitioner as personal representative of the Calhoun estates and to surcharge him for not making the disclaimer of real property and stock. Other adversary proceedings were brought by NBD, Fischer and Geiger, including a suit to reduce Petitioner’s personal representative and attorney’s fees.
Judge Payne tried the adversary proceedings in December of 1991. Judge Payne succeeded circuit court judges Overby and Taylor, who had recused themselves pursuant to motions filed by Petitioner.
In February of 1992, Judge Payne entered final judgments in the adversarial proceedings, removed Petitioner as personal representative of the estates, surcharged Petitioner approximately $64,000 for not making the disclaimer, struck Petitioner’s request for personal representative and attorney’s fees, and ordered Petitioner to repay the estates approximately $142,000 in personal representative and attorney’s fees which Petitioner had received from the Calhoun estates since they were opened. Judge Payne’s ruling was affirmed by this Court without opinion. Murphy v. Fischer, 618 So.2d 238 (Fla. 3d DCA 1993).
Petitioner filed a post-trial motion for new trial and relief from judgment on the ground that he had discovered new evidence indicating that key testimony adduced at trial was false and led to the erroneous entry of judgment. Judge Payne denied Petitioner’s motion and this ruling was affirmed by this Court. Murphy v. NBD Trust Co., 646 So.2d 203 (Fla. 3d DCA 1994).
Based on Judge Payne’s ruling against Petitioner in the surcharge action, attorneys for NBD, Fischer and Geiger filed petitions for attorney’s fees. Attached to the petitions were itemized attorney time records supporting the request for fees. These time records disclosed what appeared to be 16 ex parte telephonic communications between Judge Payne and one of the attorneys representing NBD, Fischer and Geiger (billed to the client) during the pendency of these proceedings.
Judge Payne awarded the attorneys in question oyer $240,000 in attorney’s fees for their prosecution of the surcharge action against Petitioner. The fees were taxed against Petitioner.
Petitioner filed a motion to disqualify Judge Payne in September of 1994 on the basis of the alleged ex parte communications documented by one of the attorney’s time records. Judge Payne denied the motion. Petitioner’s petition for writ of prohibition challenging this ruling was denied by this Court. Murphy v. NBD Trust Co., No. 94-2305 (Fla. 3d DCA Sept. 29, 1994). Petitioner sought rehearing in October of 1994, and this Court denied that motion. Murphy v. NBD Trust Co., No. 94-2305 (Fla. 3d DCA Oct. 31, 1994). In February of 1995, Petitioner filed another motion to recuse Judge Payne. The motion was denied, and Petitioner filed another petition for writ of prohibition, which was also denied by this Court. Murphy v. NBD Trust Co., No. 95-886 (Fla. 3d DCA May 5, 1995).
On May 7,1997, this Court issued its opinion in Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA 1997). Relying on Brake, Petitioner filed another motion to recuse Judge Payne. The motion was again denied, and this petition followed.
Based on our holding in Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), the peti *1166 tion for writ of prohibition is denied.[1]

. On rehearing we have once again reviewed the record below. We find that Petitioner's September 1994 motion to disqualify Judge Payne was denied by order dated February 27, 1995. In that order Judge Payne addressed the allegations of misconduct and categorically denied that he had ever had any ex-parte communications with "any party or party’s counsel in these cases,” As a successor judge, Judge Payne was in a position to legally address the merits of the motion. See Fla. R. Jud. Admin. 2.160(g). We have absolutely no reason to doubt the sincerity of his ruling.
In view of the changes made to this opinion on rehearing, the Motion for Clarification filed on behalf of the trial court is moot.