752 So.2d 716 (2000)
RUSSO & BAKER, P.A., Appellant,
v.
Marlene A. FERNANDEZ and Ileana Guaida, Appellees.
No. 3D99-187.
District Court of Appeal of Florida, Third District.
March 1, 2000.
Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford and Nicholas E. Christin, Miami, for appellant.
Stack Fernandez Anderson Harris & Wallace and William P. Harris, Miami, for appellees.
Before LEVY, FLETCHER, RAMIREZ, JJ.
PER CURIAM.
This is an appeal from a final order awarding attorneys' fees and costs pursuant to section 57.105, Florida Statutes (1995), to appellees, Marlene A. Fernandez and Ileana Guaida. The appellees were successful in a will contest against the personal representative, Esther Visiedo Roig. The appellant, Russo & Baker, P.A., represented the personal representative. The order on appeal assesses the fee against the personal representative and the appellant law firm. We reverse and remand the case for further proceedings on the authority of Broad & Cassel v. Newport Motel, Inc., 636 So.2d 590 (Fla. 3d DCA 1994).
*717 The order on appeal fails to make the required statutory findings for an award under section 57.105. In assessing attorneys' fees under that statute, the trial court must find that there was a complete absence of justiciable issue of either law or fact raised by the defendant personal representative below. Additionally, in order to assess fees against the law firm, the trial court must also find that "the losing party's attorney ... [did not act] in good faith, based on the representations of his or her client." Finally, the order refers to sections 733.106 and 733.609, Florida Statutes (1995), in addition to Section 57.105, without stating which of those statutes forms the basis of the fee award.
On remand, the trial court should hold a properly noticed evidentiary hearing to determine whether a justiciable issue of either law or fact was raised by the defendant personal representative below and, if not, whether Russo & Baker, P.A. nevertheless acted in good faith in proceeding with its representation of the personal representative in the case. See Snow v. Rosse, 455 So.2d 615 (Fla. 4th DCA 1984). The trial court should also clarify the application of sections 733.106 and 733.609, Florida Statutes (1995), to any award of fees made in this case.
Reversed and remanded.