767 So.2d 500 (2000)
Eileen M. BRAKE, Individually and as Personal Representative of the Estate of Robert M. Brake, Appellant,
v.
Edward P. SWAN, as 3rd Successor Personal Representative of the Estate of Eileen Ellis Murphy, Deceased, Eve E. Murphy and Richard Murphy, Appellees.
Nos. 3D99-0614, 3D99-1838.
District Court of Appeal of Florida, Third District.
May 31, 2000.
Opinion Granting Clarification July 19, 2000.
*501 Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., and Nicholas E. Christin and James M. McNeel, and Shelley H. Leinicke, for appellant.
Richard T. Kozek, Miami; Golden and Cowan, P.A., and Steven M. Toister, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
COPE, J.
Eileen M. Brake, individually and as personal representative of the Estate of Robert M. Brake, appeals eleven orders awarding attorney's fees in the Estate of the late Eileen Ellis Murphy. We dismiss certain of the orders and affirm the remainder. We also comment on the procedure which should be followed in the disqualification of judges.

I.
The largest attorney's fee order is one which on February 26, 1999, awarded $221,876 in attorney's fees and costs to *502 Golden & Cowan, P.A., as counsel for two of the estate beneficiaries, Eve Murphy and Richard Murphy. The fees were for services rendered to the estate during the lengthy probate proceeding, which began in 1988. See § 733.106(3), Fla. Stat. (1997).
Eve Murphy and Richard Murphy moved to dismiss the appeal of this order as premature. We carried that motion with the case and now conclude that the motion is well taken. Although the probate court set the amount of fees and costs to be awarded, the order deferred to a future date the determination of who should pay the award. The court has reserved jurisdiction to decide whether part of the award should be surcharged against Mrs. Brake individually, or charged against Mrs. Brake's distributive share of the estate, or whether the estate itself should be charged. Absent that determination, the order is not appealable either as a final judgment or as a non-final appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).[1]
We note that a significant portion of this fee award is based on services rendered by Golden & Cowan in the retrial of the surcharge action against Mrs. Brake, which resulted in a substantial judgment against Mrs. Brake. Subsequently this court reversed that judgment against Mrs. Brake and remanded for further testimony. See Brake v. Murphy, 749 So.2d 1278 (Fla. 3d DCA 2000). Plainly the trial court will need to revisit the February 26, 1999 attorney's fee award to Golden & Cowan, after conclusion of proceedings in the surcharge case.

II.
By unpublished order we have previously dismissed the appeals of four attorney's fee orders dated April 30, 1999, as untimely. We now also dismiss the appeal of the March 5, 1999 order awarding appellate attorney's fees for services rendered in this court's appeal number 98-988. This court already approved the identical order by denying Mrs. Brake's motion for review in case number 98-988.

III.
With regard to the remaining attorney's fee orders (except that pertaining to Robert E. Paige), Mrs. Brake argues that the awards were impermissible because there was no expert testimony offered in the trial court. As to the awards in favor of Richard T. Kozek as counsel for the third successor personal representative, we reject this argument because by statute, "The court may determine reasonable attorney's compensation [for an attorney for the personal representative] without receiving expert testimony." § 733.6171(6), Fla. Stat. (1997).
For a different reason, we also reject this argument with regard to the attorney's fee order dated March 5, 1999, which awarded attorney's fees and costs to counsel for Eve Murphy and Richard Murphy. During the hearing below, Mrs. Brake never argued that the attorney's fee request should be denied because of an absence of expert testimony to support it. The point is not preserved for appellate review.
Mrs. Brake challenges an order dated June 24, 1999 which enforces four earlier orders for attorney's fees and costs to attorney Robert E. Paige. The previous orders in favor of Mr. Paige have long since become final, and we perceive no error in the enforcement order entered by the trial court.
Several of the attorney's fee orders were entered under section 57.105(1), Florida Statutes. Mrs. Brake contends that the orders lack the required findings, but we disagree. We conclude that the necessary findings were made in the written orders and also in oral findings stated on the *503 record, unlike the situation presented in Russo & Baker, P.A., v. Fernandez, 752 So.2d 716 (Fla. 3d DCA 2000), and Broad & Cassel v. Newport Motel, Inc., 636 So.2d 590 (Fla. 3d DCA 1994).
We find no merit in the remaining points on appeal. Excluding the dismissed appeals, the orders are affirmed.

IV.
Because of information which has come to our attention during the consideration of this appeal, we deem it advisable to comment about the procedure which should be followed where a litigant moves to disqualify a trial judge because of the disclosure of lawyer timesheet entries which appear to show ex parte conversations between opposing counsel and the trial judge. These comments are, of course, dictum, because no disqualification order is before us at this time, but we offer these observations in hopes that they will be useful in future cases.
After the first surcharge trial in this probate proceeding, the court entered judgment against Eileen Brake. Edward Golden, as counsel for Eve Murphy and Richard Murphy, moved for attorney's fees for having conferred a benefit on the estate, by reason of the surcharge action and otherwise.
In support of the attorney's fee motion, Mr. Golden produced his time records which included the following notations:
06/07/93 "Conference with Court re: Final Order re: Surcharge Order." .25 06/14/93 "Conference with Court re: Order for Surcharge." .25
Brake v. Murphy, 693 So.2d 663, 665 (Fla. 3d DCA 1997).
Mrs. Brake moved to disqualify Judge Robert Newman, arguing that the timesheets reflected impermissible ex parte contacts between opposing counsel and the trial judge. Two days later, the trial judge denied the motion for disqualification without comment and without having received any response from the opposing litigants.
Mrs. Brake petitioned for a writ of prohibition in this court. Since the "conference with court" entries were susceptible of the interpretation that opposing counsel had conversed with the trial judge about the merits of the matter then under consideration, this court ruled that the trial judge must disqualify himself. See id. at 664-66. The surcharge judgment was vacated, and a new trial was ordered. See id. at 666. The case was assigned to a successor judge.
Much later, during the attorney's fee proceeding now before us, one of the applicants for attorney's fees was, once again, Mr. Golden as counsel for Eve Murphy and Richard Murphy. Although Mr. Golden was not claiming fees for the first surcharge trial, Mr. Brake cross-examined Mr. Golden regarding the two above-quoted timesheet entries which indicated "conference with court."
Mr. Golden testified that the first time-sheet entry "was not a conference with Judge Newman. It was a conference with [his judicial assistant] Teresita Colina, at which time she called me and advised me of what the judge had decided and what his ruling basically was in the surcharge action. I then proceeded, based on the information she gave me, ... to draft the wording of an order to put into effect only the specifics of what she represented to me was the judge's ruling." He testified that the second timesheet entry was a second conversation with Teresita Colina "at which time I advised her I had finalized the order and was submitting it to her, to the court. Beyond that, what I really wanted to clear up, at no time did I ever have a direct conversation with Judge Newman with regard to the surcharge order, any ex parte communication with him."
If this information had been made part of the record at the time of the motion to disqualify, it would have cast an entirely different light on this court's consideration of the disqualification issue. Mr. Golden's *504 two timesheet entries merely created circumstantial evidence from which Mrs. Brake drew the conclusion that there had been ex parte communications with the judge. Mrs. Brake, of course, had no firsthand knowledge of any such contacts. She simply read the timesheet entries and interpreted them to mean that there had been ex parte conversations.
The person who actually knew what the timesheet entries meant was Mr. Golden. Had he filed an affidavit explaining what the entries meantthat the entries referred to telephone conferences with the juridical assistant, not the judgethen Mrs. Brake's concern about the timesheet entries would have been alleviated. There would have no longer been a basis for a well-founded fear that there had been ex parte contacts with the judge.
Our purpose in addressing this now is not to criticize the predecessor judge for denying the petition without receiving a response from the litigants, nor to criticize Mr. Golden, who presumably saw no need to file an affidavit once the judge had denied the disqualification motion.[2]
Our point instead is to suggest that if in the future a motion for disqualification is filed based on timesheet entries of this type, and there have been no impermissible ex parte contacts, then counsel who made the timesheet entries should promptly file an affidavit explaining them. If counsel does not promptly file such an affidavit, the trial court may direct that one be filed.[3] Disqualification should not result from erroneous or ambiguous time-sheet entries.
While these views are dictum, we offer them in hopes that they may be helpful when this type of disqualification issue arises in the future.

V.
For the reasons stated, the appeals are dismissed in part and affirmed in part.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.

On Clarification Granted
COPE, J.
In an abundance of caution we grant the motion for clarification. In our original opinion at page three, we pointed out that the firm of Golden & Cowan had received attorney's fees for, among other things, obtaining a surcharge judgment against Mrs. Brake. Since the surcharge judgment conferred a financial benefit on the estate, the trial court awarded Golden & Cowan attorney's fees in connection with their successful prosecution of the surcharge action.
Thereafter, this court reversed the surcharge judgment and remanded for further trial proceedings. Since the surcharge judgment was overturned, it follows that the attorney's fee judgment based thereon must also be vacated. See Fla. R. Civ. P. 1.540(b)(5).
If at the conclusion of the surcharge trial the court again enters a surcharge judgment against Mrs. Brake, thereby conferring a financial benefit on the estate, the court may again award reasonable attorney's fees in connection with the successful prosecution of the surcharge case. If, however, the court rules in Mrs. Brake's favor, it would follow that no financial *505 benefit will have been conferred on the estate in the surcharge action, and attorney's fees would not appropriately be awardable for the unsuccessful prosecution of the surcharge case.
Clarification granted.
NOTES
[1] Mrs. Brake states that she does not necessarily disagree with this analysis, but felt constrained to file the appeal in an abundance of caution.
[2] As already stated, the judge denied the motion for disqualification two days after it was filed.
[3] If the court has already ruled without requiring a response, then it may be necessary for counsel to request that the court reopen the record, or ask the appellate court to relinquish jurisdiction for that purpose, so that the timesheet entries may be explained.

If the trial judge qualifies as a successor judge under Florida Rule of Judicial Administration 2.160(g), then the judge is allowed to address the merits of the motion, whether a response has been filed or not. See id.; Murphy v. NBD Trust Co. of Florida, N.A., 711 So.2d 1164, 1166 n. 1 (Fla. 3d DCA), review denied, 727 So.2d 908 (Fla.1998).