810 So.2d 1056 (2002)
DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Petitioner,
v.
BROWARD COUNTY, City of Pompano Beach, City of Plantation, Miami-Date County, City of Coral Springs, Town of Davie, City of Delray Beach, City of Fort Lauderdale, City of Boca Raton, John M. and Patricia Haire, Laz and Ellen Schneider, Chester M. Himel, Alexander Christopher and Marcel Castin, Respondents.
Nos. 1D02-0145, 1D02-0204.
District Court of Appeal of Florida, First District.
March 15, 2002.
*1057 David C. Ashburn of Greenberg Traurig, Tallahassee; Jerold I. Budney of Greenberg Traurig, Ft. Lauderdale; Arthur J. England, Jr., Elliot H. Scherker and Elliot B. Kula of Greenberg Traurig, Miami, for petitioner.
Edward A. Dion, Broward County Attorney, Andrew J. Meyers, Chief Appellate Counsel, and Tamara M. Scrudders, Assistant County Attorney, Ft. Lauderdale; Robert A. Duvall, Assistant County Attorney, Miami; Susan Ruby, Delray Beach City Attorney, and R. Brian Shutt, Assistant City Attorney, Delray Beach; Gordon B. Linn, Pompano Beach City Attorney, and William J. Bosch, Senior Assistant City Attorney, Pompano Beach; Donald J. Lunny, Jr., Plantation City Attorney, and Brendan B. O'Brien of Brinkley, McNerney, Morgan, Solomon & Tatum, Ft. Lauderdale; Monroe D. Kiar, Davie Town Attorney, Davie; Samuel S. Goren, Coral Springs City Attorney, and Michael D. Cirullo of Goren, Cheroff, Doody & Ezrol, Ft. Lauderdale; Dennis E. Lyles, Ft. Lauderdale City Attorney, and Michael J. Pawelczyk, Assistant City Attorney, Ft. Lauderdale; Barry Silver, Boca Raton; John M. Haire and Patricia A. Haire, pro se, Ft. Lauderdale; Diana Freiser Grug, Boca Raton City Attorney, and John O. McKirchy, Assistant City Attorney, Boca Raton; Laz Schneider and Ellen Schneider, pro se, Ft. Lauderdale; and Dr. Chester M. Himel, pro se, Sun City Center, for respondents.
PER CURIAM.
Various local governments and individuals are engaged in a rule challenge proceeding before the Division of Administrative Hearings, contending that a proposed rule of the Department of Agriculture and Consumer Services relating to eradication of citrus canker is an invalid exercise of delegated legislative authority. In case number 1D02-0145, the department timely petitions this court for review of two orders of the Administrative Law Judge (ALJ). In the first order, the challengers' motion for a continuance of the hearing was granted. In the second, the department's motion for a protective order was denied. For the reasons set forth below, the petition is denied in part and granted in part. In case number 1D02-0204, the department seeks a writ of prohibition to review denial of a motion for disqualification of the ALJ. We consolidate these cases for our opinion and grant the petition for writ of prohibition.
We find it unnecessary to recite in detail the discovery disputes which have characterized the proceedings below. Given the *1058 ALJ's superior vantage point, we are unable to say that his discretion was abused when the continuance was granted. While there are significant reasons to proceed with the hearing as quickly as possible, they are outweighed by the parties' rights to due process, including full and fair discovery prior to the hearing. Accordingly, we deny, without further comment, the petition insofar as it relates to the granting of the continuance.
The challengers noticed the agency head, Commissioner Charles Bronson, for deposition. The department moved for a protective order, relying on this court's decision in State, Department of Health and Rehabilitative Services v. Brooke, 573 So.2d 363 (Fla. 1st DCA 1991). The department also offered a deputy commissioner, to whom authority for the program had been delegated, for deposition as a reasonable substitute for Commissioner Bronson. We agree with the department that the ALJ abused his discretion in denying the motion for protective order. In circumstances such as these, the agency head should not be subject to deposition, over objection, unless and until the opposing parties have exhausted other discovery and can demonstrate that the agency head is uniquely able to provide relevant information which cannot be obtained from other sources. To hold otherwise would, as argued by the department, subject agency heads to being deposed in virtually every rule challenge proceeding, to the detriment of the efficient operation of the agency in particular and state government as a whole.
We also find merit to the department's argument regarding its motion to disqualify the ALJ. A pro se individual who sought to appear as an intervenor wrote a letter to the ALJ dated January 1, 2002, and which began with the following paragraph:
Thank you for your time this morning. I am glad that you are interested in doing something about this Citrus Eradication program.
The letter went on to describe, in some detail, the writer's difficulties with employees of the department who were enforcing the department's policies in her geographic area. The department's motion for disqualification was supported by the affidavit of a deputy commissioner who stated that the agency interpreted the letter to say that the ALJ and the litigant had engaged in an ex parte communication and that in the course thereof the ALJ expressed a willingness to "do something" about the citrus canker eradication program. As a result, the department feared it would not receive a fair hearing before the ALJ. The challengers responded in opposition and offered the affidavit of the letter's author, who explained her use of the above-quoted language and stated that she had never met or spoken with the ALJ. The ALJ entered an order wherein it was stated that the facts of the motion for disqualification were taken as true but the motion was found to be legally insufficient and denied as such.
Our review of the ALJ's decision on the motion for disqualification is de novo. Sume v. State, 773 So.2d 600, 602 (Fla. 1st DCA 2000). The test for determining the legal sufficiency of a motion for disqualification is whether the facts alleged (which must be taken as true) would prompt a reasonably prudent person to fear that he or she could not get a fair and impartial trial. Brofman v. Florida Hearing Care Center, 703 So.2d 1191 (Fla. 4th DCA 1997). It is not a question of how the judge actually feels but rather what feeling resides in the affiant's mind and the basis for such feeling. Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996). In reviewing a motion to disqualify the *1059 judge cannot pass upon the truth of the allegations of fact. Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981); Fla. R. Jud. Admin. 2.160(f). It is sufficient that the allegations are neither frivolous nor fanciful. Barnett v. Barnett, 727 So.2d 311 (Fla. 2d DCA 1999); Scholz v. Hauser, 657 So.2d 950 (Fla. 5th DCA 1995). Countervailing evidence is not admissible. Cave v. State, 660 So.2d 705(Fla.1995).
The parties rely on the related cases of Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA 1997) and Brake v. Swan, 767 So.2d 500 (Fla. 3d DCA 2000). While we find they are analogous in some respects to the instant matter, we are not in total agreement with the analyses of the Third District. In Brake v. Murphy, a party sought disqualification of a trial judge based on an attorney's time sheet record which indicated counsel had twice conferred with the court shortly before a ruling was issued in that party's favor. The court cited Rose v. State, 601 So.2d 1181 (Fla.1992) for the proposition that ex parte communications between a judge and counsel or a party are to be avoided and may serve as a basis for disqualification of a judge. The motion for disqualification, according to the district court, was legally sufficient and should have been granted. The facts of Brake v. Murphy are analogous to those in this case and we agree with the holding. However, the court went on to say that "[t]he certitude of our decision that the motion for disqualification should have been granted is reinforced by several highly questionable orders rendered after the surcharge order." 693 So.2d at 665. Petitioner in the instant case relies on this language and argues that the orders which are subject to its petition to review nonfinal administrative action also suggest the ALJ's bias. We reject this argument, however, in light of the well-settled principle that a judge's adverse rulings may not serve as a ground for disqualification. Gieseke v. Grossman, 418 So.2d 1055, 1057 (Fla. 4th DCA 1982). In Brake v. Swan, the court revisited the issue when the record in a later appeal revealed that counsel's time sheets actually reflected telephone conversations with the judge's judicial assistant, who had called to give directions to counsel regarding the drafting of certain orders. In dicta, the district court stated that the proper procedure would have been for the party opposing the motion for disqualification to have filed an affidavit clarifying the meaning of the time sheet entries. 767 So.2d at 503-04. We find that proposed procedure runs afoul of Florida Rule of Judicial Administration 2.160 and Cave v. State, 660 So.2d 705 (Fla.1995). We reject the suggestion that a meaningful distinction can be made and consistently applied between clarification and refutation of the facts underlying a motion for disqualification.
The ALJ correctly determined that he should disregard the affidavit of the letter writer in ruling on the motion for disqualification. He erred, however, in determining that the motion was legally insufficient. We grant the petition for writ of prohibition and remand with directions for the ALJ to grant the motion for disqualification.
PETITION FOR REVIEW OF NON-FINAL ADMINISTRATIVE ACTION DENIED IN PART AND GRANTED IN PART.
PETITION FOR WRIT OF PROHIBITION GRANTED.
MINER, WOLF and VAN NORTWICK, JJ., concur.