961 So.2d 1057 (2007)
Toby GREENE, Appellant,
v.
Arlene BORSKY and Joseph Nardinocchi, Appellees.
No. 4D06-4823.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
Rehearing Denied September 6, 2007.
*1058 Gary L. Rudolf of Rudolf & Hoffman, P.A., Fort Lauderdale, for appellant.
Lawrence J. Miller and Amy B. Beller of Miller & O'Neill, P.L., Boca Raton, for appellees.
PER CURIAM.
Toby Greene sued Arlene Borsky and Joseph Nardinocchi, the trustees under a former version of the Toby Greene Trust, regarding the validity of an amendment to the trust. Borsky and Nardinocchi sought, and were granted, attorney's fees and witness fees to be paid from the trust assets to fund their defense of the trust. Greene appeals the orders granting the fees. We affirm. However, we write to explain the basis of this Court's jurisdiction over this case.
The orders in this case are appealable non-final orders under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). Rule 9.130(a)(3)(C)(ii) provides that appealable non-final orders include those that determine "the right to immediate possession of property." This Court has previously held that a sum of money is property to which Rule 9.130(a)(3)(C)(ii) can apply. In Florida Discount Properties, Inc. v. Windermere Condominium, Inc., 763 So.2d 1084 (Fla. 4th DCA 1999), a lessor filed a motion to have disputed rent paid into the registry of the court. Id. at 1084. The trial court denied the motion, and the lessor appealed. Id. On appeal, this Court concluded that the order was an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), because it determined "the right to immediate possession of property, i.e., the rent payments." Id. Likewise, in the present case, the trial court orders determined the right to immediate possession of property, here trust assets to be used by trustees to pay for attorney's fees and witness fees expended in defense of the trust. As such, we conclude that this Court possesses jurisdiction over this appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) and affirm in all respects without further comment.
Affirmed.
GUNTHER, J., and HOROWITZ, ALFRED J., Associate Judge, concur.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
Rule 9.130(a)(3)(C)(ii) allows non-final appeals of orders determining the right to immediate possession of property. In describing the purpose of the rule, the Committee Note explains that "[i]t applies to such cases as condemnation suits in which a condemnor is permitted to take possession and title to real property in advance of final judgment. See Ch. 74, Fla. Stat. (1975)." I agree that this description of purpose was not meant to foreclose other applications but merely to suggest the kind of immediate review the drafters had in mind for transfers before judgment of physical property whether real or personal. Nevertheless in Marina Bay Hotel *1059 and Club, Inc. v. McCallum, 733 So.2d 1133, 1134 (Fla. 4th DCA 1999), we held that the rule should be narrowly applied.
Its application to orders determining that a sum of money is owed to one of the parties is very dubious. Such an indiscriminate construction enlarges its use to a whole range of orders never contemplated by its drafters. A fundamental principle of appellate courts is to avoid piecemeal review. If this rule were deemed to extend to orders finding that a specific sum of money is due, then this limited exception to piecemeal review would end up swallowing that principle whole. Any order determining that a particular sum is payable could then be appealable. Civil litigation is dominated by attempts to fix a sum due. I do not believe that rule 9.130 was ever intended to have such a sweeping effect.
My belief is strongly sustained by a decision having special application to the present case. In Brake v. Swan, 767 So.2d 500 (Fla. 3d DCA 2000), as here, the probate judge faced a contention by a party to an adversary proceeding claiming that his legal fees should be paid from the estate. That court's order, like this one, even dealt with a specific sum representing fees owed for services already rendered  in short, a sum said to be now due and payable. Concededly Brake was based on a different subdivision of rule 9.130(a)(3)(C)(iv) allowing non-final review of orders determining liability in favor of a party seeking affirmative relief, since repealed. In holding that non-final review of the attorneys fee order was not allowed, the court reasoned:
"Although the probate court set the amount of fees and costs to be awarded, the order deferred to a future date the determination of who should pay the award. The court has reserved jurisdiction to decide whether part of the award should be surcharged against Mrs. Brake individually, or charged against Mrs. Brake's distributive share of the estate, or whether the estate itself should be charged. Absent that determination, the order is not appealable either as a final judgment or as a non-final appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv)." [e.s.]
767 So.2d at 502. The identical construct faces this court. The sum due may have been set, but not who will ultimately pay: the trustee or the trust.
Notwithstanding the difference in the rule 9.130 subdivisions at issue, Brake's rationale should apply to this case. In Brake the rule allowed appeals from orders determining liability in favor of a party seeking relief, and here the rule allows appeals from orders determining liability for the immediate possession of money. Both subdivisions are based on a liability determination, and so at bottom both are analytically fungible.
In both cases the amount owed by the representative party was fixed but the question was whether the entity could be surcharged for the funds if allowed. Both cases involve whether fees for pending litigation should be paid from the funds administered by the fiduciary. Both are founded on a determination that fees are owed now but the ultimate responsibility for payment awaits the outcome of the dispute. There is no reason for a different interpretive principle. In each case because of the issue left hanging  whether a surcharge would relieve the fund of ultimate responsibility for the debt  the order lacked the immediacy contemplated by the rule.
In my opinion, Florida Discount Properties Inc. v. Windermere Condominium Inc., 763 So.2d 1084 (Fla. 4th DCA 1999), is wrong. It is too expansive an interpretation of a rule that should be tightly *1060 circumscribed. The too-generous reading of the rule has led to the decision in this case, which is even further afield from the purpose of the rule. What will be next? Rent payments? Mortgage payments? Alimony payments? Any debt will do. I strongly urge the court to retreat from Windermere and limit rule 9.130(a)(3)(C)(ii) to those rare instances where physical or real property must be transferred before final judgment and hold squarely that money debts are not covered by it.
I would dismiss this appeal.