975 So.2d 533 (2008)
Eli T. SLEIMAN, Jr. and Joseph E. Sleiman, Petitioners,
v.
Peter D. SLEIMAN, Anthony T. Sleiman, and Jacksonville Landing Investments, LLC, a Florida limited liability company; Retail Equities, LLC, a Florida limited liability company; Southside Retail, LLC, a Florida limited liability company; Atlantic West, LLC, a Florida limited liability company; Triple Net Equities, Ltd., a Florida limited partnership; Atlantic North Commercial, LLC, a Florida limited liability company; Atlantic Mixed Use Properties, LLC, a Florida limited liability company; North West Kernan Retail Properties, LLC, a Florida limited liability company; Property Support Systems, LLC, a Florida limited liability company; Peter Sleiman Development Group, LLC, a Florida limited liability company; and Property Management Support, Inc., a Florida corporation, Respondents.
No. 1D07-5257.
District Court of Appeal of Florida, First District.
January 31, 2008.
Rehearing Denied February 28, 2008.
*534 Timothy W. Volpe, Michael E. Lee, and Gregory J. Lesak, Jr., of Volpe, Bajalia, Wickes, Rogerson & Wachs, Jacksonville, for Petitioners.
Stephen D. Busey and John F. MacLennan of Smith, Hulsey & Busey, Jacksonville, for Peter D. Sleiman, Property Support Systems, LLC, and Peter Sleiman Development Group, LLC; Rutledge R. Liles, Steven A. Werber and Robert B. George of Liles, Gaven, Constantino & George P.A., Jacksonville for Anthony T. Sleiman; Robert D. Wilcox of Wilcox Law Firm, Jacksonville, for Jacksonville Landing Investments, LLC, Triple Net Equities, LLC, Atlantic North Commercial, LLC, Atlantic Mixed Use Properties, LLC, and North West Kernan Retail Properties, LLC; and Michael G. Tanner, Thomas E. Bishop and Stuart Williams of Tanner, Bishop for all other Respondents.
PER CURIAM.
By petition for writ of prohibition, Eli T. Sleiman, Jr., and Joseph E. Sleiman challenge the denial of their motion to disqualify Judge John H. Skinner from presiding over certain lawsuits in the Circuit Court for Duval County in which they are parties. Finding that the motion to disqualify was timely and facially sufficient and that Judge Skinner's subsequent remarks regarding the circumstances underlying the motion require disqualification, we grant the petition.
Eli, Joseph, and their brothers Peter D. and Anthony T. Sleiman have been engaged in developing real estate in Northeast Florida. Their business relationship deteriorated and legal actions ensued involving the Sleimans and their business entities. Three of these suits were assigned to Judge Skinner and at a hearing on September 12, the brothers agreed to meet with Judge Skinner for a private consultation. No attorneys were present and the conference was not reported. Afterward Eli and Joseph timely moved for Judge Skinner's disqualification based on his remarks in the conference. According to the motion, Judge Skinner informed the brothers of his own family's background in Jacksonville real estate and family members' ability to resolve their disputes among themselves. This was the first time that Eli and Joseph had met Judge Skinner but the judge told petitioners that he had known Peter and Anthony for a long time and that they had helped him with his campaigns, raising funds and helping him get elected. Further, Anthony had later helped him on different matters. Judge Skinner indicated he was appreciative of Peter and Anthony for their support. Further, there was discussion of lis pendens that Peter had filed against property owned by the Sleimans and the brothers explained the costs to their businesses. In response, "Judge Skinner told *535 me and my brothers rather summarily and unequivocally that he was not going to do anything about any of the lis pendens maintained by Peter." According to the affidavits, Joseph and Eli left the meeting with the feeling that Judge Skinner was grateful to Peter and Anthony and his relationships with them were impacting his role and ability to serve as the judge in the case. They construed the meeting as an effort to force them to resolve the case so that Judge Skinner would not need to adjudicate claims against Peter. They also construed his remarks about the lis pendens to mean that he had made up his mind regarding a pending motion regarding those filings, feeling the financial pressure would force the brothers to find a resolution.
The motion for disqualification was timely filed on Monday, September 24. At a scheduled hearing of October 1, 2007, Judge Skinner spoke on the subject of the motion and expressed his view that the lis pendens presented "bondable issues." Judge Skinner also addressed the allegations in the motion for disqualification, describing these remarks as clarification. He explained that he had never received any money from Peter, Anthony, or from Sleiman Enterprises for any judicial campaign. Instead, they were contacted regarding assistance in planning an investiture after his first election. The judge was not aware of the amount of any monies they may have contributed. Further, in 1996 he received a call from Anthony, who was supporting an individual seeking the same seat sought by Judge Skinner when he moved up from county court to circuit court. According to Judge Skinner, "There may be judges in this courthouse that have political or social affiliations with the Sleimans, but I'm not one of them." He emphasized that he did not call the meeting on September 12 to mediate or encourage settlement but he wanted to determine the "level of brotherly affection" that continued to exist. He emphasized that he could not make them settle. The judge took responsibility for the existence of the lis pendens on the properties because the judge had ruled that they were proper. A short recess was held to allow the movants to consider withdrawal of their motion, which they declined to do. The written order denying the motion without substantive comment was then entered.
As to the motion for disqualification, the facts alleged therein must, of course, be accepted as true by the circuit judge in ruling on the motion. Fla. R. Jud. Admin. 2.330(f). The motion should be granted if those facts "would prompt a reasonably prudent person to fear that he or she could not get a fair and impartial trial." Dep't of Agric. v. Broward County, 810 So.2d 1056 (Fla. 1st DCA 2002). We conclude that the motion conclusively met this standard and Judge Skinner should have granted it. Moreover, the comments of Judge Skinner at the hearing of October 1 ran afoul of the proscription against the judge attempting to refute the factual grounds for the motion. MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332, 1338 n. 5 (Fla.1990). Thus, Judge Skinner's disqualification is required on both grounds.
The petition for writ of prohibition is granted and the cause is remanded to the circuit court with directions to Judge Skinner to enter an order of disqualification and refer the matter to the Chief Circuit Judge for assignment of the cases to another circuit judge.
PETITION GRANTED.
WOLF, KAHN, and LEWIS, JJ., concur.